Gulf Compress Company *v.* Wooten Cotton Company
ET AL.

[54 South. 86.]

Chancery Court.   *Multiplicity of suits.   Injunction.*

   A bill in equity does not lie to prevent a multiplicity of suits unless
   the same legal questions and practically the same facts are involved
   in the suits, the separate prosecution of which are sought to be
   restrained and complainant must have a good legal or equitable
   defense to them.

Appeal from the chancery court of Coahoma county.
Hon. M. E. Denton, Chancellor.

Bill by Gulf Compress Company against Wooten Cotton Company et al. to restrain the prosecution of several actions at law.   From a decree dissolving a temporary injunction, complainant appeals.

The Wooten Cotton Company, having brought two suits in the circuit court of the second district of Coahoma county, one for damage for negligent handling of cotton stored with the Gulf Compress Company at Clarksdale, Mississippi, and one an action of replevin for certain cotton withheld by said compress company, and another suit by W. A. Short & Co. having been brought in the circuit court of the Second district of Coahoma county against the Gulf Compress Company, for negligent handling of cotton in the warehouse of the Gulf Compress Company at Clarksdale, and also for the loss of one bale of cotton by said company, and also for damages in the negligent handling of certain cotton by the Gulf Compress Company in its warehouse in Memphis, Tenn., and another suit having been brought in the circuit court of the second district of Coahoma county by the Merchants' and Farmers' Cotton Company for the negligent handling of cotton stored with the

Gulf Compress Company at Clarksdale, Miss., the defendant, the Gulf Compress Company, in all these suits, who is the appellant here, filed a bill against all the plaintiffs in said cases in the chancery court of the second district of Coahoma county, praying that said suits in the circuit court be enjoined, and that all of said suits be combined and transferred to the chancery court, and an injunction having accordingly been granted, plaintiffs in the circuit court, moved to dissolve the said injunction, which motion the chancellor below sustained, and from a decree dissolving said injunction this appeal is taken.

*J. W. Cutrer,* for appellant.

The case for appellant on this appeal must be tested by the allegations of the bill of complaint.

It appears from the record that the motion to dissolve the injunction was submitted as a demurrer to the bill. The motion to dissolve was not made upon bill, answers, exhibits and proof, or upon bill, answers and exhibits, or upon any other grounds except only that the injunction was improperly and improvidently granted and because the appellant was and is without equity.

This presents clearly to the court the question of whether or not the court had jurisdiction, and on this appeal the court will hear and consider that question only without going into the merits, as was done by this court in the case of *Railroad Company* v. *Garrison,* 81 Miss. 257.

In that case the cause was heard on bill, answer and proof, and the injunction was dissolved, as here it must have been done, either because the chancellor held that a court of equity did not have jurisdiction, or because of an insufficient or improper injunction bond.

For the purposes of the argument upon this branch of the case, it is proper to assume that the chancellor dis-

solved the injunction because the court did not have jurisdiction.

This court on this appeal, as in the Garrison case therefore can have nothing to say upon the merits of the case. "That is for the chancery court on final hearing. We determine the only question now before us, that equity had jurisdiction of the case made by the bill below." 81 Miss. 265.

The motion to dissolve was made on the specific grounds, and after having been considered by the court for a long time, was decided on specific grounds.

If there had been a motion made to dissolve on bill, answer and proof, proofs would have been taken, but as there was no such motion, and as the motion precluded the hearing of consideration of proof, it would have been useless trouble and expense to take proof when the court on the hearing of the motion might have held, and it did hold, that it did not have jurisdiction. The appellant was not to be put to the expense of having proof until the question of jurisdiction which confronted it at the outset could be settled by the court below, and this court on appeal, so that the parties litigant could be advised as to the form in which they must ultimately settle their several controversies.

Because of the state of the record, we, therefore, insist that the question of jurisdiction is to be determined upon the face of the bill, that is to say, whether or not upon a sworn bill as presented to the chancellor, the injunction was improvidently granted, and whether or not appellant's bill was and is without equity.

The allegations of the bill brings the appellant within the rule laid down by this and other courts which entitle it to resort to a court of equity to prevent the expense and trouble of a multiplicity of suits.

It is not the number of suits which are brought or threatened which determines the question of jurisdiction, nor is it necessary that the rights of the parties

should arise out of the same or a similar contract, or that there should be a common title or community of right or interest in the subject matter among the defendants.

"The fact that this unity of claim or defense frequently or generally arises from privity or joint action by or between the many, affords an obvious instance of the application of the rule, and it has induced some to suppose that the junction and unity of interest calling for the application of the rule is limited to such cases. But the association and unity of interest in the manner as to the other party may be brought about just as well by the nature of the transaction, or the situation and relation of the parties, independent of all privity or joint action. And, therefore, privity or a joint right or liability, although good examples for the application of the principle, afford more test for the propriety of the application."

The rule is that where several are jointly or severally claiming against one or one is claiming against many jointly or severally, and the same title or right or defense will be called in question, and where the same or a substantially similar state of facts are involved, and where the determination of the questions at issue depend upon a common principle of law which will be determinative of the main issues for or against all, a case is made out for the interposition of equity to avoid a multiplicity of suits without the aid of any independent equity, although the questions of fact insisted are controverted.

And the fact that the defendants, if they are entitled to recover, may secure varying and different amounts by way of damages or compensation for injuries, does not affect the jurisdiction of a court of equity, nor does the fact that some of the claims are asserted by way of attachment proceedings, nor does the fact that some are asserted without the aid of attachment proceedings, in any way affect the jurisdiction of the court. *Pollard* v.

*Okolona Savings & Trust Co.,* 61 Miss., 293; *Railroad Co.* v. *Garrison,* 81 Miss. 257; *Crawford* v. *Railroad Co.,* 83 Miss. 708; *Tisdale* v. *Fire Ins. Co.,* 84 Miss. 709; *Thames* v. *Mangum,* 87 Miss. 575; *Whitlock* v. *Railroad Co.,* 91 Miss. 779; *City of Jackson* v. *Williams,* 92 Miss. 301; *Butler* v. *Mortgage Co.,* 93 Miss. 215; *Railroad Co.* v. *Barnes,* 94 Miss. 484; *Southern Steel Co.* v. *Hopkins,* 47 So. Rep. 274.

The state of facts which is set out by the bill of complaint in this cause entitles the appellant to relief. The bill shows affirmatively and clearly by facts explicitly set forth that the appellant has a good cause of action by way of defense against the claims of appellees.

It alleges that all of the cotton received by it was inherently damaged, and that the damage of which the appellees claim, arose by reason and out of the inherent condition of the cotton without any fault of the appellant. It alleges that the appellant was not bound to exercise more than ordinary care in the case of the property, and that it did exercise reasonable care and every care and precaution in any way imposed upon it by law in and about the preservation of the cotton in controversy. It alleges that its business at Clarksdale was conducted with the knowledge of the appellees in accordance with the well known and established universal custom and practice concerning and controlling, and covering the handling of cotton in its business at Clarksdale, and that the appellees dealt with it with a knowledge of that custom, and in accordance therewith, and that the injuries complained of by appellees arose out of and happened because of facts beyond the control of appellant.

It is not necessary that the defense which the appellant shall interpose to the claims asserted against it when it files its bill in equity to enjoin a multiplicity of suits, shall be an equitable defense or right or cause of action.

All that is necessary to give jurisdiction is that it shall "appear that the persons against whom the complainant seeks to proceed shall each insist on asserting similar claims against the complainant, and that the complainant in equity shall allege a sufficient defense either at law or in equity against the suits instituted or threatened."

It is manifest that the appellant has stated a good cause of defense.

All that is required of a warehouseman in Mississippi is the exercise of ordinary care. *Cowls* v. *McSwain,* 26 Miss. 253; *Archer* v. *St. Clair,* 49 Miss. 343; *I. C. R. R.* v. *Tronstine,* 64 Miss. 834; *Merchants Wharfboat Asso.* v. *Wood,* 64 Miss. 661.

*Robert Powell,* for appellees.

The principal ground relied upon by the appellant here was that the injunction was properly granted to prevent a multiplicity of suits. The law in regard to preventing a multiplicity of suits by injunction is very fully discussed in the case of the *Railroad Company* against *Barnes,* 94 Miss., page 484, in which this court says:

"A bill in equity does not lie to prevent a multiplicity or suits unless the same legal questions and practically the same facts are involved in the suits, the prosecutions of which are sought to be restrained and a complainant must have a good legal or equitable defense to them."

*Brewer & Watkins,* for appellees.

It is now a well settled principle of this court, that for the purpose of preventing a multiplicity of suits a court or equity may draw to itself the ultimate decision of many actions at law where the suits are by one against many, or by many against one, all the cases depend upon a common state of facts and upon a common principle of law which will govern and control the rights of all, although there be no community of right between the

several parties, and their demands arise at different times. Quoting from *Railroad Company* v. *Barnes,* 94 Miss. 484, we find that: "The true ground of this equitable jurisdiction was most admirably stated by Chalmers, Justice, in the opinion of this court in *Pollard* v. *Okolona Savings and Trust Company,* 61 Miss. 293, and this same doctrine has been announced in *Nevitt* v. *Gillespie,* 1 How. (Miss.) 108, 26 Am. Dec., 696. Yet, strange to say, in the case of *Tribette* v. *I. C. Railroad Company,* 70 Miss. 192, 12 South. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642, the directly opposite doctrine was laid down, without the slightest reference being made to either the *Nevitt-Gillespie case* or the *Pollard-Okolona Savings and Trust Company case.* · This court has in many cases recently most carefully re-examined this whole subject, and has re-established the doctrine announced in *Pollard* v. *Okolona Savings and Trust Company,* and overruled the case of *Tribette* v. *I. C. Railroad Company.* These latter cases to which we refer are *Railroad* v. *Garrison,* 81 Miss. 257, 32 South. 996; *Crawford* v. *Railroad Company,* 83 Miss. 708, 36 South. 82, 102 Am. St. Rep. 476; *Tisdale* v. *Fire Insurance Company,* 84 Miss. 709, 36 South. 568, and *Whitlock* v. *Railroad,* 91 Miss. 779, 45 South. 861." To these cases may be added *Thames* v. *Mangum,* 87 Miss. 575; *Williams* v. *City of Jackson,* 46 South. Rep. 551, and *Butler* v. *Mortgage Company,* 93 Miss. 215. To the principle laid down and forever settled by this court in those cases, and so learnedly and exhaustively in the Barnes case, we lend our hearty endorsement and approval. This case and our contentions on the facts of record in this appeal are not at all at discord with this salutary and equitable principle.

The question for determination here is, does appellant bring himself within the principle of these cases, or does he occupy the attitude of the railroad company and others in the Barnes case, reported in 94 Miss. 484. It surely cannot be necessary to do more than clearly state

the case made by this record to show that equity has no sort of jurisdiction in this case, and that the grounds upon which the jurisdiction of equity may be successfully invoked in order to prevent a multiplicity of suits have no existence in this appeal.

SMITH, J., delivered the opinion of the court.

The bill, answers, and exhibits thereto, on which this case was set down for hearing, do not present a cause warranting the interference of equity in order to prevent a multiplicity of suits. *Railroad Co.* v. *Barnes,* 94 Miss. 484, 48 South. 823.

*Affirmed and remanded.*

